IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TORRECO HOSKIN, # 196878,          :

     Plaintiff,          :

vs.          :          CIVIL ACTION 18-0427-JB-N

C. O. I McQUARTER,          :

     Defendant.          :

## REPORT AND RECOMMENDATION

Plaintiff Torreco Hoskin, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review of the complaint (Doc. 1), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Legal Standards for Screening a Complaint for Maliciousness.**

Because Hoskin sought leave to proceed *in forma pauperis* by filing his Motion to Proceed Without Prepayment Fees, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Sears v. Haas,* 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26

(11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed.  *See Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious for the plaintiff's failure to advise of prior lawsuits, because the complaint could be re-filed as the statute of limitations had not expired).  When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because a plaintiff is unable to re-file a viable action, and the court should then consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished).  In Alabama, the statute of limitations for filing a § 1983 action is two years.  *Lufkin v. McCallum,* 956 F.2d 1104,

1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

## II. Analysis.

In the present action, the complaint form asked Hoskin whether he had filed lawsuits, in state or federal court, dealing with the same or similar facts or relating to his imprisonment. (Doc. 1 at 3). He responded that he had filed one other action, *Hoskin v. Roy*, No. 4:12-cv-02067-CLS-HGD (N.D. Ala. 2015), dealing with same or similar facts involved in this action. (*Id.*). And he denied having filed other lawsuits related to his imprisonment. (*Id.*). Hoskin then proceeded to sign his complaint under penalty of perjury. (*Id.* at 7).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[1] that Hoskin previously filed another action concerning his imprisonment of which he did not advise the Court, namely, *Hoskin v. C.O. Brian Fife*, No. 4:14-cv-00328-WMA-HGD (N.D. Ala. 2016). In this prior action, Hoskin complained, among other things, of being sprayed with pepper spray, then being refused a body chart, being left in his cell, and having his personal property and legal mail taken from him. (Doc. 16 at 4-5). He sought to be transferred away from St. Clair to another institution as he feared for his life. (*Id.* at 1; Doc. 1 at 4).

After discovering and reviewing this prior action, the Court concludes that Hoskin did not provide the information requested by the complaint form about his prior actions. (Doc. 1 at 3). Therefore, when he filed the present complaint on October 3, 2018, he

---

[1]  The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

knowingly chose not to list all his prior actions, and he then proceeded to sign his complaint under penalty of perjury. (*Id.* at 7).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *See Doctor v. Nichols*, No.: 3:15cv273/MCR/EMT, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide information about all his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Hoskin was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the undersigned would not recommend this action's

dismissal without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions had expired.

An examination of the substance of the complaint reflects that Hoskin named Correctional Officer I McQuarter as the sole Defendant for spraying him with pepper spray on August 6, 2018 and with cell buster on August 10, 2018 and for denying him a body chart on each occasion. (Doc. 1 at 4-5). And, while he was in segregation, Defendant McQuarter is alleged to have given away his shoes. (*Id.* at 4). For relief, Hoskin wants to be transferred away from Holman because he is afraid, or to have Defendant fired. (*Id.* at 7).[2]

Considering that the incident in the complaint occurred in August, 2018, Hoskin will be able to re-file his action before the two-year statute of limitations expires if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.[3]

**III. Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this **r**eport and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[2] The undersigned notes there is a similarity of some of the allegations in *Hoskin v. C.O. Brian Fife, supra,* and in the present action.

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

 **DONE** and **ORDERED** this  11th  day of February 2019.


        /s/ KATHERINE P. NELSON
        **UNITED STATES MAGISTRATE JUDGE**